# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| GREATER ST. LOUIS CONTRUCTION | ) | |
| LABORERS WELFARE FUND, et al., | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| vs. | ) | Case No. 4:14-CV-2113-JAR |
|  | ) | |
| MO MAIN CONSTRUCTION, LLC., | ) | |
|  | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On December 30, 2014, Plaintiffs

filed their complaint against Defendant Mo Main Construction, LLC ("Mo Main") for violations

of the Employee Retirement Income Security Act of 1974 (Doc. 1). However, while Plaintiffs

appropriately indicated Mo Main in the caption of the complaint, they failed to correctly identify

Mo Main in the body of the complaint; the complaint instead referred to Metro Building

Solutions (Doc. 1 at ¶6). Therefore, although Mo Main failed to answer or otherwise respond to

Plaintiffs' complaint, the Court denied Plaintiffs' Motion for Default Judgment, vacated the

Clerk's entry of default, and directed Plaintiffs to file an amended complaint (Doc. 8). Plaintiffs

filed an amended complaint on February 11, 2015 (Doc. 11) and have again requested clerk's

entry of default and default judgment (Doc. 12). On March 17, 2015 Clerk's entry of default was

entered (Doc. 15).

However, although Plaintiffs' amended complaint was filed within 21 days of the original

pleading, personal service was not properly effected upon a proper Defendant. FED. R. CIV. P.

15(a)(1)(A). Mo Main has not entered an appearance in this case or waived personal service

through representation of counsel. "Pursuant to Federal Rule of Civil Procedure 4, when no waiver of service has been obtained or filed, service [ ] may be properly effectuated by one of two ways: (1) by following the procedures prescribed for individuals under Federal Rule of Civil Procedure 4(e)(1), or (2) by 'delivering a copy of the summons and [ ] complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.'" Reed v. Central Transp. Inc., No. 1:06-CV-75 CAS., 2006 WL 3803674, at *1 (E.D. Mo. Nov. 22, 2006). Therefore, Plaintiffs must effect personal service of the amended complaint upon the Defendant before seeking clerk's entry of default or default judgment. As of April 18, 2015, the record reflects proper service on Defendant of the amended complaint. (Doc. 18)  Mo Main therefore had until May 1, 2015 to answer or otherwise respond to the amended complaint and, on May 5, 2015, Plaintiffs filed another Motion for Entry of Clerk's Default.

Accordingly,

**IT IS HEREBY ORDERED** that Clerk's Entry of Default dated March 17, 2015 (Doc. 15) is **VACATED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that, upon the filing of Clerk's Entry of Default, the Court will entertain a new Motion for Default Judgment.

Dated this 6th day of May, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

2